UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ARTHUR JAMES ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-455 PS |
| | ) | |
| EDWARD BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Arthur James Rogers, a *pro se* prisoner, is a prodigious litigant. He has filed 18 successive petitions for post conviction relief in the Indiana state courts. Prison officials evidently had enough and they charged him with violating prison rule B-243 which punishes the filing of frivolous "claims or actions." The Disciplinary Hearing Board (DHB) agreed that Rogers had violated Rule B-243 and docked him 90 days good time credit for the violation. He challenges the ruling of the DHB in this amended *habeas corpus* petition [DE 10].

The basis for finding that Rogers filed a frivolous claim is a ruling by the Court of Appeals of Indiana on his eighteenth successive post-conviction relief petition which stated that his claims had "already been raised and considered in numerous Successive Petitions." *Rogers v. State*, No. 45A03-0612-SP-587 (Ind. Ct. App. Feb. 23, 2007) [DE 17-2 at 3]. The order stated that, "[t]he Successive Petition is frivolous." *Id*. [DE 17-2 at 4].

Rogers raises a variety of grounds for relief in his amended petition [DE 10]. But the Respondent argues that Rogers did not present them during his administrative appeals and therefore he has not exhausted them. In his Traverse [DE 18], Rogers presents no argument

disputing that these four grounds are unexhausted – indeed he does not address the issue of exhaustion at all.

"[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority. . . ." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002).  In his administrative appeal, Rogers' basis for appeal was:

> Code 243 filing a claim or action found to be frivolous – "This has nothing to do with the DOC.  It is the court system".  This conduct report is only state or federal in nature.  "I am saying that I submit a petition to Indiana Court of Appeals, challenging my conviction at trial level – This has nothing to do with the administration or the Department of Correction or it employee namely Barry Nothstine, Admin. Asst. – 2 – <u>This petition is not an lawsuit</u> – Conduct report is clear and concise, court say in writing this case was a frivolous lawsuit.  Therefore we find him guilty – This conduct report is based on the attached court order.  I have included three copies of the order so Arthur Rogers can be given one copy at screening.  As once said the petition to the Indiana Court of Appeals is not a lawsuit against the DOC – it is an privilege petition to the court to review my sentence and conviction – and can not be consider an threat to security – and should be dismiss.

Disciplinary Hearing Appeal [DE 17-5 at 1] (emphasis in original).

In his amended *habeas corpus* petition, he first argues that he was denied the opportunity to present documentary evidence, but his disciplinary hearing appeal made no mention of the unavailability of evidence.  Second he argues that he did not have an impartial decision maker, but his disciplinary hearing appeal made no mention of the impartiality of the decision maker.  Third he argues that he was denied lay representation, but his disciplinary hearing appeal made no mention of lay representation.  Fourth, he argues that he was denied a written decision explaining the reason for the decision, but his disciplinary hearing appeal made no mention of the absence of a written decision.  Additionally, as part of his fourth ground, he presents a fifth argument that should have been presented separately.  Rogers argues that there is insufficient

evidence to support the finding of guilt.  This one ground was included in his disciplinary hearing appeal, and therefore it will be addressed on the merits.  The other grounds were not raised during the administrative appeal process.  Therefore, they have not been exhausted and are defaulted.

Rogers argues that his frivolous successive post-conviction relief petition is not a lawsuit against the Department of Correction, but a privileged petition seeking the review of his sentence.  This argument presents a very narrow view of what constitutes a lawsuit and it ignores the "claim or action" language used in the Report of Conduct [DE 17-2 at 1], the Notice of Disciplinary Screening [DE 17-3 at 1], the Report of Disciplinary Hearing [DE 17-4 at 1], and the Disciplinary Hearing Appeal [DE 17-5 at 1].  Rogers brought his eighteenth successive post-conviction relief petition and as such he initiated a "claim or action."  The order of the Court of Appeals of Indiana unambiguously states that it was a frivolous petition.  There is overwhelming evidence that Rogers is guilty of having brought a "claim or action" that was found frivolous.  The evidence here easily meets the "some evidence" test and leads to no other logical conclusion. *Compare Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.") and *id*. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

For the foregoing reasons, the *habeas corpus* petition [DE 10] is **DENIED**.

**SO ORDERED**.
ENTERED: March 17, 2008.

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court

3